UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| TYLER-JAY STOESER-CALKINS, in his natural capacity; AARON PRINCE, private prosecutor;<br><br>    Plaintiffs,<br><br>vs.<br><br>M. BRIDGET MAYER, et al.<br><br>    Defendants. | 5:25-CV-05026-RAL<br><br>ORDER DENYING EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER |
| TYLER-JAY STOESER-CALKINS, in his natural capacity; AARON PRINCE, private prosecutor;<br><br>    Plaintiffs,<br><br>vs.<br><br>CHRISTINA L. KLINGER, et al.<br><br>    Defendants. | 5:25-CV-05027-RAL<br><br>ORDER DENYING EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER |
| TYLER-JAY STOESER-CALKINS, in his natural capacity; AARON PRINCE, private prosecutor;<br><br>    Plaintiffs,<br><br>vs.<br>DOUGLAS ABRAHAM, et al.<br><br>    Defendants. | 5:25-CV-05028-RAL<br><br>ORDER DENYING EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER |

Plaintiffs Tyler-Jay Stoeser Calkins and a non-member of the District Court bar from Sarasota, Florida, calling himself a "private prosecutor" with the trademarked and copyrighted

1

name of Aaron Prince have filed the three above-captioned cases against certain state court judges, South Dakota lawyers, the State Bar of South Dakota and others. Recently in each case, plaintiffs have filed an Emergency Verified Motion for Temporary Restraining Order, the same 102-page "Decree and Testimony of Status, Jurisdictional Rebuttal, and Commercial Claim for Lawful Remedy" bearing the caption of a Jones County state court case, and a proposed order seeking to enjoin state court judges from "initiating, enforcing, or continuing any new or pending state criminal or contempt charges or related proceedings against Tyler-Jay: Stoeser-Calkins©™ until further Order of this Court." 5:25-cv-05026-RAL Doc. 12-2 at 2; 5:25-cv-05027-RAL Doc. 13-2 at 2; 5:25-cv-05028-RAL Doc. 25-2 at 2. Federal district courts do not exist to impede state court prosecutions especially where state court jurisdiction plainly exists, and Stoeser-Calkins (who appears to have the view that the alleged victim in a Jones County, South Dakota incident is unreliable) has as his remedy to contest charges in state court, appeal if he loses, and then if there was constitutional error, file under 28 U.S.C. § 2254 a habeas action in this court to present any constitutional claims that have been fully exhausted in state court. Seeking to enjoin a pending state court criminal case where the state plainly has jurisdiction is inapt.

  Rule 65(b) allows this Court to issue a temporary restraining order without notice if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice." Fed. R. Civ. P. 65(b). "A temporary restraining order under Rule 65(b) is to prevent immediate and irreparable harm and typically o preserve the status quo until the Court can hear from both sides." Institute for Free Speech v. Jackley, 340 F. Supp. 3d 853, 858 (D.S.D. 2018). The

injunctive relief sought here is to alter the status quo by insulating Stoeser-Calkins from state court prosecution.

These Emergency Motions brought the Court's attention to the cases, which have as their themes that this Court should enjoin a state prosecution against Stoeser-Calkins, strike down practice restrictions so that Prince can practice law in South Dakota despite not being a member of the South Dakota bar, and award monies to the plaintiffs. Despite the submissions of the plaintiffs being lengthy, they lack specific facts by way of affidavit or verified complaint to show the requisite immediate and irreparable injury, nor do any of these cases on initial review appear to be subject to federal jurisdiction under Younger abstention or the Rooker-Feldman doctrine. Moreover, Prince should be mindful that he is violating D.S.D. Civ. LR 83.2 in purporting to represent Stoeser-Calkins without being a member of the bar of this Court and appears to be violating South Dakota law prohibiting unauthorized practice of law. See SDCL § 16-18-1 to-2. Prince can represent himself by proceeding pro se to challenge state restrictions on who can act as an attorney but cannot represent others. This Court realizes that Prince believes such a statute to be an unconstitutional restraint on trade, but longstanding precedent restricts pro se (non-attorney-represented) parties. See, e.g., Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) (noting that "courts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity."). Therefore, it is

ORDERED that the Emergency Verified Motion for Temporary Restraining Orders, filed in each case as: Doc. 12 in 5:25-cv-05026-RAL; Doc. 13 in 5:25-cv-05027-RAL; and Doc. 25 in 5:25-cv-05028-RAL, are all denied. It is further

ORDERED that discovery is stayed in this case and thus the Motion for Petition in Equity for Issuance of Subpoena Duces Tecum, Doc. 19 in 25-cv-5028-RAL, is denied until this Court determines whether the complaints in these cases trigger federal subject matter jurisdiction.

DATED this 18th day of July, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE